IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN PESTA, | ) | |
| | ) | Case No. 1:23-cv-00546 |
| Plaintiff, | ) | |
| | ) | Judge Dan Aaron Polster |
| v. | ) | |
| | ) | ORDER |
| CLEVELAND STATE UNIVERSITY, *ET AL*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Plaintiff's motion for reconsideration and leave to amend

pleading.  ECF Doc. 13.  The Plaintiff requests that the Court: (1) amend its prior dismissals with

prejudice to dismissals without prejudice; (2) and grant him leave to amend his complaint.  ECF

Doc. 13.

On July 14, 2023, the Court granted in part and denied in part the Defendants' motion to

dismiss (ECF Doc. 5).  ECF Doc. 9.  The Court found that Cleveland State University (CSU) and

the individual Defendants in their official capacities were entitled to immunity under the

Eleventh Amendment and, therefore, granted the Defendants' Fed. R. Civ. P. 12(b)(1) basis for

dismissal.  *Id.*  The Court dismissed with prejudice CSU and Count 3, along with the individual

Defendants in their official capacities in Counts 1 and 2.  *Id.*

Sixth Circuit precedent provides that dismissals for lack of subject-matter jurisdiction,

even those based on Eleventh Amendment sovereign immunity, should be without prejudice.

*See Morgan v. Bd. of Prof'l Responsibility of the Supreme Court of Tenn.*, 63 F.4th 510, 517 (6th

Cir. 2023) (affirming trial court's dismissal of plaintiff's claims without prejudice for lack of

subject-matter jurisdiction based on Eleventh Amendment sovereign immunity); *Carmichael v.

City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (citing *Ernst v. Rising*, 427 F.3d 351,

367 (6th Cir. 2005) ("Dismissals for lack of jurisdiction based on Eleventh Amendment immunity should be made without prejudice.")).  Therefore, the Court GRANTS the Plaintiff's motion for reconsideration as to the dismissals.  Under Fed. R. Civ. P. 54(b), the Court amends its prior dismissal order to be without prejudice.  Accordingly, CSU and Count 3 are dismissed *without* prejudice; the individual Defendants in their official capacities are dismissed *without* prejudice in Counts 1 and 2.

Next, the Plaintiff requests leave to amend his complaint under Fed. R. Civ. P. 15(a)(2).  This Court "should freely give leave when justice so requires" and permit the Plaintiff to amend his complaint.  *Id.*  There is no evidence of a lack of undue delay, bad faith, dilatory motive, repeated failings to cure deficiencies, or undue prejudice to the Defendants.  *See Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737 (6th Cir. 2022) (noting a district court's discretion to grant leave to amend complaint after applying the factors in *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)).

Therefore, the Court GRANTS the Plaintiff leave to amend his complaint with the following requirement: the Plaintiff is DIRECTED to remove from his amended complaint the "many pages [of] irrelevant and extraneous historical accounts, political controversies, and philosophical opinions that have no bearing on his claims."  ECF Doc. 9, p. 17.  The Plaintiff's amended complaint will include a concise factual background and succinct allegations that comport with Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct.").  IT IS SO ORDERED.

Date: August 16, 2023

*/s/ Dan Aaron Polster*
Dan Aaron Polster
United States District Judge