IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN PESTA, | ) | |
| | ) | Case No. 1:23-cv-00546 |
| Plaintiff, | ) | |
| | ) | Judge Dan Aaron Polster |
| v. | ) | |
| | ) | OPINION & ORDER |
| CLEVELAND STATE UNIVERSITY, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is a motion for judgment on the pleadings, under Fed. R. Civ. P. 12(c), by the individual members of the Cleveland State University ("CSU") Board of Trustees. ECF Doc. 23. In his amended complaint, the Plaintiff added as named defendants the nine members who currently serve on the CSU Board of Trustees ("Trustees"), in their official capacities. ECF Doc. 18. The Trustees move for judgement on the pleadings. The Plaintiff opposes the Trustees' motion. For the following reasons, the Court GRANTS the Trustees' motion for judgment on the pleadings and DISMISSES WITHOUT PREJUDICE the nine individual Trustees.

Background and Procedural History

The case background remains the same as that contained in the Court's prior opinion and order, dated July 14, 2023, where the Court ruled on the Defendants' motion to dismiss. ECF Doc. 9. The Court dismissed with prejudice CSU and Count 3, as well as the individual Defendants[1] in their official capacities in Counts 1 and 2. *Id.* Remaining before the Court were Counts 1 and 2 against the individual Defendants in their individual capacities. *Id.*

---

[1] The individual Defendants are: Harlan Sands, former President of CSU; Laura Bloomberg, current President and former Provost of CSU ("Provost Bloomberg"); Benjamin Ward, Director of Research, Development, and Ethics in

1

The following developments have taken place in this case since the Court issued its motion to dismiss ruling. On August 16, 2023, the Court held a Case Management Conference. The Court agreed to amend its prior dismissals to *without* prejudice, granted the Plaintiff leave to amend his complaint, and directed the parties to submit the Plaintiff's termination letter. Non-doc order, 08/16/2023. One week later, Defense Counsel emailed two documents to the Court: (1) Bryan Pesta's ("Professor Pesta"), one and a half page termination letter, dated February 28, 2022; and (2) Provost Bloomberg's ten-page letter to Professor Pesta, dated January 13, 2022, explaining her decision to fire him was due to substantiated incidents of misconduct in the CSU investigation and National Institutes of Health's (NIH) investigation.

On September 22, 2023, the Plaintiff filed an amended complaint and added as new party defendants the nine individual members, in their official capacities, who currently serve on the CSU Board of Trustees. ECF Doc. 18, ¶ 5. Counts 1 and 2 in the amended complaint allege the same causes of action against the same six individual Defendants in their individual capacities: First Amendment retaliation for the investigation of Professor Pesta (Count 1) and First Amendment retaliation for the firing of Professor Pesta (Count 2). *Id.* In Count 3, the Plaintiff seeks declaratory judgement and preliminary injunctions[2] against Provost Bloomberg, in her official capacity, and against the nine individual Trustees, in their official capacities. *Id.*

On October 31, 2023, the Trustees filed a motion for judgment on the pleadings, which is the subject of this opinion and order. ECF Doc. 23. The Plaintiff filed his response in

---

CSU's Office of Research; Christopher Mallett, Professor of Social Work; Conor McLennan, Professor of Psychology; and Wendy Regoeczi, Professor of Criminology, Anthropology, and Sociology. ECF Doc. 18, ¶¶ 6-11.

[2] In Count 3 of the amended complaint, the four declaratory judgment matters and seven preliminary injunction matters are identical to those in the original complaint, except that CSU is now replaced with "Defendants Cleveland State Board of Trustees and Bloomberg." ECF Doc. 18, ¶¶ 177, 178.

opposition on December 11, 2023. ECF Doc. 26. And the Trustees submitted their reply on December 21, 2023. ECF Doc. 27.

The Trustees assert two bases for their motion for judgment on the pleadings: (1) they are immune from suit under the Eleventh Amendment; and (2) the amended complaint fails to allege sufficient facts to obtain declaratory or injunctive relief against them. ECF Doc. 23, pp. 7, 9. The Plaintiff opposes the Trustees' motion. He argues that the Trustees are proper defendants given their "sufficient connection" to Professor Pesta's case and their statutory duty to safeguard free speech at CSU. ECF Doc. 26, p. 6. Additionally, he contends that Eleventh Amendment immunity does not extend to the relief sought in Count 3. *Id.* at p. 12.

## Rule 12(c) Standard and Analysis

Under Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The Court analyzes a Rule 12(c) motion under the same standard as a Rule 12(b)(6) motion to dismiss. *Barber v. Charter Twp. of Springfield*, 31 F.4th 382, 386 (6th Cir. 2022). The Court must construe the complaint in the light most favorable to Professor Pesta, accept the complaint's factual allegations as true, and determine whether Professor Pesta "undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Engler v. Arnold*, 862 F.3d 571, 574 (6th Cir. 2017). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 575 (internal quotation marks omitted). Additionally, "[m]ere labels and conclusions are not enough; the allegations must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3

For the following reasons, the Court grants the Trustees' motion for judgement on the pleadings and dismisses without prejudice the Trustees from this suit.

First, by pleading all nine members of the CSU Board of Trustees in Count 3, the Plaintiff attempts to do indirectly what he cannot do directly. The sovereign immunity exception under *Ex parte Young*, 209 U.S. 123 (1908) applies to claims for prospective injunctive or declaratory relief against state officials in their official capacities—not to arms of the state like CSU or its Board of Trustees. *Mikel v. Quin*, 58 F.4th 252, 256 (6th Cir. 2023) ("Under *Ex parte Young* . . . federal courts may award injunctive and declaratory relief against state officials when the relief is designed to end a continuing violation of federal law.") (internal quotations and citation omitted). The Plaintiff cannot name the CSU Board of Trustees as a defendant because it is an arm of the state, immune from suit under the Eleventh Amendment, and not a state official for purposes of the *Ex parte Young* exception. *McKenna v. Bowling Green State Univ.*, 568 F. App'x 450, 457 (6th Cir. 2014).

As an end-around, in his amended complaint, the Plaintiff has named the individual members of the CSU Board of Trustees in their official capacities. But every allegation the Plaintiff makes against the individual Trustees is against all nine Trustees as a whole. According to the Plaintiff's amended complaint, the Trustees always acted as a faceless collective—each equally and indistinguishably participating in every alleged wrong against him. In other words, they always acted concurrently and in concert as a "corporate body." *McKenna*, 568 F. App'x at 457. Pleading all nine of the Trustees as such an indistinguishable group is therefore tantamount to pleading the CSU Board of Trustees itself.

Second, the Plaintiff's grouped and conclusory allegations involving the Trustees are insufficient to meet the *Iqbal* and *Twombly* pleading standards. The 33-page amended complaint

4

refers to the Trustees by their individual names in three places: in paragraphs 5, 147, and 150.[3] ECF Doc. 18, ¶¶ 5, 147, 150.  In all three places, the Plaintiff simply recites the names of the Trustees.  *Id.*  The Plaintiff does not specify anywhere in the amended complaint the alleged wrongdoing of any individual Trustee.  Instead, he makes broad allegations against the Trustees as a collective ("They will be referred to collectively as the 'Cleveland State Board of Trustees.'"), without differentiation or factual support.  Such broad and conclusory pleading fails to give each Trustee fair notice of his or her purported wrongdoing.  *See Aaron v. Durrani*, 2014 U.S. Dist. LEXIS 32693, at *15 (S.D. Ohio Mar. 12, 2014) ("lumping the Defendants together for the purposes of all allegations fails to give the individual Defendants proper notice of what they have allegedly done wrong") (internal quotation marks and citation omitted).  Similarly, the Plaintiff's vague references to the Trustees' involvement or acquiescence to a "*de facto* policy at CSU of refusing to extend academic freedom to those such as Dr. Pesta who research and publish on the controversial topic of race, genes, and intelligence from the hereditarian point of view" is insufficient.  ECF Doc. 18, ¶¶ 148, 161.  *See Robertson v. Univ. of Akron Sch. of Law*,

---

[3] Paragraph 5 of the amended complaint reads:

> The CSU Board of Trustees is currently composed of the natural persons David M. Reynolds, Timothy J. Cosgrove, Patricia M. DePompeii, Paul J. Dolan, Lisa K. Kunkle, Alan G. Sarkoff, Nikki C. Byrd, P. Kelly Tompkins, and Vanessa L. Whiting, who are individuals, and who are also state officials in such capacity. They will be referred to collectively as the "Cleveland State Board of Trustees." In such official capacity, they / it are sued under Count 3 only.

Paragraph 147 of the amended complaint reads:

> Defendants Cleveland State Board of Trustees (by which Pesta means the individual state officials David M. Reynolds, Timothy J. Cosgrove, Patricia M. DePompeii, Paul J. Dolan, Lisa K. Kunkle, Alan G. Sarkoff, Nikki C. Byrd, P. Kelly Tompkins, and Vanessa L. Whiting in their official capacities) and Bloomberg are policymaking officials for CSU.

Paragraph 150 of the amended complaint reads:

> Indeed, most of the events surrounding Pesta's investigation and termination, relayed above, took place under the watch of the "Prior Board of Trustees," which consisted of David M. Reynolds, Thomas W. Adler, Timothy J. Cosgrove, Patricia M. DePompeii, Paul J. Dolan, Stephen F. Kirk, Lisa K. Kunkle, Alan G. Starkoff, and Vanessa L. Whiting.

2021 U.S. Dist. LEXIS 157345, at *19 (N.D. Ohio Aug. 20, 2021) ("Post-*Iqbal* and *Twombly*, a party may not allege a fact, such as the existence of a policy, and hope that discovery will reveal facts to support the claim.") (citation omitted).

Third, the Plaintiff does not need the Trustees to remain as a party in this case to recover the requested declaratory judgment and injunctive relief.[4] In Count 3 of the amended complaint, Professor Pesta names Provost Bloomberg, in her official capacity, along with the Trustees. ECF Doc. 18, ¶ 6. In a November 2023 status conference, Counsel for both parties agreed with the Court that the Plaintiff can recover only once if he prevails on Count 3, and Provost Bloomberg can grant that relief in her current position as CSU President. Therefore, it matters little whether the Plaintiff's possible reinstatement and the re-establishment of official website links to his published works are effectuated by Provost Bloomberg or the Trustees. Permitting the Plaintiff to move forward with the gratuitous naming of nine individual Trustees—when it is altogether unnecessary for his relief in Count 3—would frustrate the "far reaching" nature of Eleventh Amendment immunity and the purpose of *Ex parte Young's* narrow exception: to compel state officials to comply with federal law. *S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (The *Ex parte Young* doctrine operates as an exception to sovereign immunity because "a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law." (citing *Will v. Mich. Dep't of State Police*, 491 U.S. at 71 & n.10)); *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (Eleventh Amendment immunity is "far reaching.").

---

[4] Some forms of the injunctive relief in Count 3 are monetary, and thus, barred the Eleventh Amendment. *See Freeman v. Mich. Dep't of State*, 808 F.2d 1174, 1179 (6th Cir. 1987) (holding "back pay, front pay and fringe benefits" are "barred by [the] Eleventh Amendment . . . since any payment of these claims would come from the state treasury"); *see also Ohio v. Madeline Marie Nursing Homes # 1 & # 2*, 694 F.2d 449, 458 (6th Cir. 1982) ("*Edelman v. Jordan*, 415 U.S. 651, 39 L. Ed. 2d 662, 94 S. Ct. 1347 (1974), clarified *Ex parte Young* to hold that equitable remedies cannot be used in federal court against a state official to order retroactive monetary awards.").

<u>Conclusion</u>

For the following reasons, the Trustees' motion for judgement on the pleadings is <u>GRANTED</u> and the Trustees are <u>DISMISSED WITHOUT PREJUDICE</u>. Should the Plaintiff develop evidence through discovery showing that any of the Trustees participated in the decision to terminate Professor Pesta, he may move to amend the complaint to add that Trustee(s) as a defendant.

IT IS SO ORDERED.

Date: January 3, 2024

*/s/ Dan Aaron Polster*
Dan Aaron Polster
United States District Judge