**IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| BRYAN J. PESTA, | ) | CASE NO. 1:23-CV-00546-DAP |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| LAURA BLOOMBERG, in her official | ) | **AFFIDAVIT** |
| and individual capacities; and HARLAN | ) | |
| M. SANDS, BENJAMIN WARD, | ) | |
| CHRISTOPHER MALLETT, CONOR | ) | |
| McLENNAN, and WENDY | ) | |
| REGOECZI, in their individual | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | SS |
| COUNTY OF CUYAHOGA | ) | |

Affiant J. Michael Oakes, PhD being first duly sworn, herby deposes and states as follows:

1. At all relevant times I was employed by Case Western Reserve University ("Case") and am the Senior Vice President for Research & Technology Management. I am over the age of eighteen (18) and make this affidavit based on personal knowledge.

2. Attached to this Affidavit as Exhibit 1 is a true and accurate copy of my curriculum vitae which reflects my background and establishes my credentials to issue the expert report regarding the opinions I hold relative to the National Institute of Health reporting requirements and the research misconduct by Brian Pesta which is involved in the above captioned case.

3. Attached to this Affidavit as Exhibit 2 is a true and accurate copy of my May 21, 2024, Expert Report which I issued in the above captioned case regarding the research misconduct by Brian Pesta.

1

4.  In summary, my report finds that there was sufficient evidence to support a finding of research misconduct by Brian Pesta and that the misconduct was of such a nature that it supported the actions taken by Cleveland State University in terminating him.

5.  The breaches of the requirements set by the National Institute of Health were so substantial and repetitive in nature they could not be excused, nor could they be deemed honest error.

6.  The NIH controls access to certain data, including the data requested by Brian Pesta, to protect the integrity of the research system whereby persons – past, present, and future – trust that their data will not be misused to harm them as individuals or them as a class/group and to insure it is not used inconsistently with their consent to participate in the study. The NIH requires that access to protected data like the data Brian Pesta wanted to use be limited to academic institutions and Principal Investigators associated with those institutions.  To be granted access to the data, the Principal Investigator must comply with certain requirements, including (1) submission of a Data Access Request that includes information such as the intended research purpose for access to the data, (2) make timely renewal requests for continued access to the data, (3) agree to be bound a Data Use Certification Agreement, and (4) adhere to various best practices outlined by NIH.  Of course, because the NIH has total control of the data, the NIH, and only the NIH, can determine the circumstances under which access to the data will be granted.

7.  I made my findings and issued my opinions in the Report attached as Exhibit 2 based on a reasonable degree of academic and scientific certainty,

FURTHER AFFIANT SAYS NOTHING.

J. Michael Oakes, PhD

SWORN TO BEFORE ME and subscribed in my presence this 24th day of July 2024.

Notary Public

Hongman Chen
Notary Public, State of Ohio
My Commission Expires:
09/28/2028

2